JOHNSON, Justice
dissenting.
I dissent from the discipline imposed in this case. What I find reprehensible in this case is the conduct of attorney Donald Hyatt, II, who went to great lengths to assist his client, Ms. Lawanda Becnel in creating a complaint against respondent, following a chance encounter between the two in a parking lot while respondent was campaigning.
After Ms. Becnel’s initial conversation with Ms. Debose Parent, Mr. Hyatt consulted with Mr. Plattsmier, Chief Disciplinary Counsel, Office of Disciplinary Counsel (“ODC”), who advised him that he did not have a substantiated ex parte communication. Thereafter, Mr. Hyatt and his client, Ms. Becnel, set out to create a case against respondent. Mr. Hyatt met with Ms. Bec-nel at his office and the two set up an elaborate scheme to document an ex parte communication. Ms. Becnel telephoned respondent several times from Mr. Hyatt’s office before successfully scheduling an appointment with respondent. Further, Mr. Hyatt supplied the recording device which she used to tape the phone conversations and the subsequent meeting.
I fail to see how any of this contact can be ex parte, when the documented ex *87 change between respondent and Ms. Bec-nel took place with the advice and consent of Ms. Becnel’s counsel, Mr. Hyatt. Mr. Hyatt apparently kept the ODC advised of his progress, as he notified that office pri- or to the scheduled meeting between respondent and Ms. Becnel. The record shows that respondent notified Ms. Becnel 1 ¡¡that she would need to waive her attorney-client privilege with Mr. Hyatt before the consultation, and Ms. Becnel signed an “Affidavit Waiving Attorney Client Privilege.”
In my view, the ODC has a duty to investigate the actions of Mr. Hyatt under LSA-S.Ct. Disc.R. 19 § 11(A), which provides in relevant part:
The disciplinary counsel shall evaluate all information coming to his or her attention by complaint or from other sources alleging lawyer misconduct or incapacity.... If the lawyer is subject to the jurisdiction of the court and the information alleges facts which, if true, would constitute misconduct or incapacity, counsel shall conduct an investigation unless in the discretion of disciplinary counsel the matter qualifies for referral to the Practice Assistance and Improvement Program.
Emphasis added. It shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct, or any other rules of this jurisdiction regarding professional conduct of lawyers. LSA-S.Ct. Disc.R. 19 § 9(a). It is misconduct for a lawyer to “engage in conduct involving dishonesty, fraud, deceit or misrepresentation” or “prejudicial to the administration of justice.” Rule 8.4(b) and (c) of the Rules of Professional Conduct.
This court should not tolerate unscrupulous conduct from members of the bar. We should discipline an attorney who conspires with his client to create a case against another lawyer.